394 S.E.2d 909

**STATE of West Virginia ex rel. Roger FERRELL, George Stolze, and Larry Farley**

v.

**Ottie ADKINS, Sheriff of Cabell County.**

**No. 19632.**

Supreme Court of Appeals of West Virginia.

July 20, 1990.

George Stolze, Huntington, for Roger Ferrell, George Stolze and Larry Farley.

Christopher D. Chiles, Pros. Atty. of Cabell County, Huntington, for Ottie Adkins.

PER CURIAM:

In this habeas corpus proceeding, we must determine whether there was sufficient evidence to warrant the finding by the Circuit Court of Cabell County that the petitioner, George Stolze, was in contempt of court while representing his client, Roger Ferrell, in a criminal trial.

On May 2, 1990, petitioner Stolze was representing Mr. Ferrell in an appeal from a conviction in the Cabell County Magistrate Court of the offense of driving under the influence of alcohol.[1] During the

---

**1.** Mr. Ferrell was arrested on February 9, 1990, for driving under the influence of alcohol and

course of the trial, Larry Farley, a witness presented by the petitioner, testified that he, rather than Mr. Ferrell, had been driving the automobile the night Mr. Ferrell was arrested for driving under the influence of alcohol. In the presence of the jury, the trial court directed the sheriff to arrest Mr. Farley and to take him into custody for the offense of obstructing an officer in violation of *W. Va. Code*, 61–5–17 [1923].

At the conclusion of the trial, the jury found Mr. Ferrell guilty of the offense of driving under the influence of alcohol, and the trial court sentenced him to 40 hours in the Cabell County Jail and imposed a $500 fine. Petitioner Stolze requested that the trial court set a post-conviction bond pending appeal. The trial court denied this motion and placed Mr. Ferrell in the custody of the sheriff. Then, the trial court found that petitioner Stolze was in contempt of court and imposed a fine of $200. The Court further ordered that the petitioner would remain in the Cabell County Jail pending payment of the $200 fine. Petitioner Stolze refused to pay the fine.

On May 3, 1990, while still incarcerated in the Cabell County Jail, petitioner Stolze filed a petition for a writ of habeas corpus. Petitioner Stolze was subsequently released on that same day upon payment of the $200.[2]

The pleadings regarding the petition for habeas corpus are vague and petitioner Stolze focuses only on the trial court's denial of an appeal bond for Mr. Ferrell. More-over, the respondent, Ottie Adkins, Sheriff of Cabell County, submits that this proceeding is moot because the petitioners have been released from jail.[3] However, we believe this proceeding has raised the issue of whether there was sufficient evidence to support the trial court's finding that petitioner Stolze was in contempt of court. We discussed what conduct on the part of an attorney would warrant a finding of contempt of court in *State v. Boyd*, 166 W. Va. 690, 276 S.E.2d 829 (1981). We stated in syllabus point 2 of *Boyd*:

> The rule with regard to contempt of court by an attorney begins with a recognition that under our adversary system of justice zealous advocacy on the part of an attorney must be permitted. Consequently, it is only when his conduct is boisterous or disrespectful to the degree that it constitutes an imminent threat to the administration of justice that summary punishment for contempt will be authorized.

We recognized in *Boyd* that "[i]mplicit in this duty of zealous representation is a recognition that there may be occasions when, in the heat of advocacy, statements may be made that are injudicious." 166 W.Va. at 697, 276 S.E.2d at 833.

In the instant case, at the conclusion of the trial, petitioner Stolze requested that Mr. Ferrell be granted an appeal bond. The trial court denied that motion and adjourned. The court then reconvened and questioned petitioner Stolze as to whether he had made certain representations to his client following the proceedings concerning

---

was incarcerated for approximately 12 hours in the Cabell County Jail following his arrest before bond was posted. He was convicted of the offense in the Cabell County Magistrate Court and was sentenced to 48 hours in the Cabell County Jail and fined $100.

2. We also note that on May 3, 1990, Mr. Farley pleaded nolo contendere to a charge of false swearing pursuant to *W. Va. Code*, 61–5–2 [1923]. We question, however, the propriety of having Mr. Farley plead nolo contendere to a charge of false swearing when he was arrested on a charge of obstructing an officer.

3. We stated in syllabus point 1 of *State ex rel. J.D.W. v. Harris*, 173 W.Va. 690, 319 S.E.2d 815 (1984):

'A case is not rendered moot even though a party to the litigation has had a change in status such that he no longer has a legally cognizable interest in the litigation or the issues have lost their adversarial vitality, if such issues are capable of repetition and yet will evade review.' *State ex rel. M.C.H. v. Kinder*, 173 W.Va. 387, 317 S.E.2d 150 (1984).

But, in this case, we lack sufficient information to render a decision regarding Mr. Farley. Furthermore, the information provided to this Court indicates that Mr. Ferrell has been released and that petitioner Stolze may appeal Mr. Ferrell's conviction.

how his client should proceed with respect to the sentencing by the court. Petitioner Stolze told the trial court that he advised Mr. Ferrell that Mr. Ferrell could serve his sentence rather than accept probation from the court. The court requested that petitioner Stolze cite case law which would support that proposition and the petitioner responded that he did not have those cases with him because he "didn't anticipate that happening." The court then stated that "[f]or reason of your obstreperous actions here today, Mr. Stolze, in particular, the advice to your client, as well as your other actions, I find that you have been in contempt of this Court, are in contempt of this Court, and I fine you $200.00, which payment shall be made forthwith." The transcript of the hearing during which the fine was imposed, including the statements above, consisted of less than three and one half double-spaced pages. Thus, it appears from the limited transcript that the court's finding that petitioner Stolze was in contempt was based on the advice given by the petitioner to Mr. Ferrell that he need not accept probation.

We do not find from the record that there is sufficient evidence to support the trial court's finding that petitioner Stolze was in contempt of court. There is no record of the events that transpired from the time the court adjourned after Mr. Ferrell was sentenced to the time the court reconvened to find Petitioner Stolze in contempt of court. Thus, for the reasons set forth herein, the writ of habeas corpus is granted as to petitioner Stolze.

Writ granted as moulded.